UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| HEDSTROM CORPORATION, et al., ) | Bankruptcy No. 04 B 38543 |
| Debtor, ) | |
| ) | |
| HEDSTROM CORPORATION, ) | |
| Plaintiff ) | Adversary No. 04 A 04393 |
| v. ) | |
| FERALLOY CORPORATION, ) | |
| Defendant ) | |

### MEMORANDUM OPINION SETTING SPECIAL HEARINGS IN BANKRUPTCY CASE AND ADVERSARY PROCEEDING ON (A) PENDENCY OF SIMULTANEOUS CHAPTER 11 CASES AND (B) JURISDICTION OF THIS COURT OVER FUND AT ISSUE IN THE ADVERSARY

When the above entitled Chapter 11 bankruptcies were filed by related companies in the Northern District of Illinois on October 18, 2004, it was represented to the undersigned that earlier but still open Chapter 11 cases filed by Hedstrom related companies in Delaware were about to be closed, all substantive work having been completed. We have just learned here that the earlier cases are still open. This was learned from telephone conference between the undersigned and Bankruptcy Judge Randolph Baxter who presides in the Delaware cases by his telephone call to ask about status of the cases here in light of the still pending Delaware cases. Special hearings will therefore be set here by separate orders (1) to determine whether these Chapter 11 cases were properly filed and prosecuted here while the Chapter 11 cases in Delaware remained open, (2) to ascertain whether any issues reserved in the earlier cases overlap with issues here, and (3) to determine in the related Adversary proceeding litigating over a Fund whether this Court can or should properly exercise jurisdiction over that Fund.



## RELEVANT HISTORY OF THE CHAPTER 11 CASES IN DELAWARE

Chapter 11 bankruptcy cases as to the following Debtors were filed in the District of Delaware on April 11, 2000, in Case No. 00-1665 (PJW) (ordered on April 12, 2000 to be Jointly Administered):

- Hedstrom Corporation
- ERO, Inc.
- ERO Industries, Inc.
- ERO Canada, Inc.
- Priss Prints, Inc.
- Impact, Inc.
- AMAV Industries, Inc.
- Hedstrom Holdings, Inc.
- ERO Marketing, Inc.

A Chapter 11 Plan was confirmed as to those cases on July 17, 2001. That Plan provided the following in pertinent part:

### Nature of Plan

The Plan provided that distributions to the Delaware unsecured creditors would be funded by a new trade note and litigation proceeds. Section 4.5 of the Plan generally provides that the general unsecured claims will receive a pro rata share of the class 5 allocable new common stock, class 5 allocable Hedstrom Corp. litigation proceeds, and the class 5 allocable Hedstrom Holdings litigation proceeds.

Section 4.4 of the Plan generally provides that the Qualified Trade Claims will receive a pro rata share of the new trade note, the class 4 allocable Hedstrom Corp litigation proceeds, and the class 4 allocable Hedstrom Holdings litigation proceeds.

Section 9.3 of the Plan re-vests property of the estate of the Delaware Bankruptcy in Hedstrom, as the reorganized debtor, on the Effective Date. Section 9.3 also allows the transfer of

the property to Hedstrom to be "free and clear of all liens, claims, encumbrances and interests except as otherwise provided in the Plan."

## As to Reservation of Jurisdiction

Article XI of the Plan, Retention of Jurisdiction, provides, "The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and the Plan, to the fullest extent permitted by law..." The Bankruptcy Court is defined in the Plan as the United States District Court for the District of Delaware.

## As to a Fund to be Administered by Disbursing Agent DRX

Section 5.4 of the Plan provides that the Debtors may designate a disbursing agent to make distributions under the Plan. Therefore, on July 26, 2001, the Debtors and DRX Management, Inc. ("DRX"), an affiliate of Donlin, Recano & Company, Inc. ("Donlin Recano"), entered into an agreement whereby DRX agreed to act as the Debtors' disbursing agent of the Funds in accordance with the Plan.

Only very recently was a motion to close the Delaware cases presented to Bankruptcy Judge Randolph Baxter, and that motion is still pending.

## ILLINOIS CASES

On October 18, 2004, the following entities filed the above-entitled new Chapter 11 bankruptcy cases in this District (jointly administered by Order entered October 19, 2004):

- Hedstrom Corporation
- Ero Inc
- Ero Industries Inc
- Ero Canada Inc
- Priss Prints Inc.

A creditors' committee was created on October 25, 2004. On November 17, 2004 a Final Order was entered authorizing Debtors to: (A) Use Cash Collateral (B) Incur Postpetition Debt and (C) Grant Adequate Protection and Provide Security and Other Relief to Congress Financial Corp. (Central) as Lender. Many other motions and issues have since been presented and decided.

A status hearing on the filed plan and disclosure statement is scheduled for February 14, 2006.

## The Adversary Litigation

A related Adversary Proceeding was filed here by Hedstrom against DRX Distribution Management, Inc. (the disbursing agent in the Delaware case) seeking turnover of approximately $450,000 in funds DRX held as the disbursing agent under the Plan confirmed in Delaware (the "Fund"). Hedstrom claims rights in and to the Fund.

The Debtors have since resolved their dispute over the Fund with DRX. An agreed order was entered herein rejecting Hedstrom's contract with DRX as disbursing agent. Pursuant to a Stipulation of Dismissal, an order was also entered dismissing DRX as a defendant in the Adversary Proceeding. Pursuant to agreed order entered June 24, 2005 the Fund was turned over by DRX to Hedstrom's counsel to be held in a segregated account pending further order of this Court. DRX and Donlin Recano waived any further claims to the Fund.

On July 12, 2005 an order was entered in the Adversary proceeding granting the motion of Feralloy Corporation (a Qualified Trade Claimant in the Delaware case) to intervene as a defendant. No other creditors in the Delaware cases sought to intervene, though Debtors represented that they have been noticed concerning Hedstrom's effort to acquire the Fund.

Feralloy contends that pursuant to terms in the original contract between Hedstrom and DRX, it is entitled to be paid its distribution for the year 2004 in the amount of $57,314.87. Feralloy has asserted four counterclaims against Hedstrom: (1) Debtors hold the Funds in "constructive trust" for Feralloy's benefit; (2) Debtors hold the Funds in "resulting trust" for Feralloy's benefit; (3) Post-petition breach of contract; and (4) Post-petition tort of intentional interference with a prospective economic or business advantage.

Feralloy also asserted several affirmative defenses to the claim of Hedstrom, including its second affirmative defense which argues that the Delaware Bankruptcy Court has jurisdiction over the Fund pursuant to terms of the Plan confirmed in the Delaware case, an Agreement, and applicable law. Hedstrom has filed a motion to dismiss Feralloy's four counterclaims. Trial has been set in the Adversary for February 14, 2006, but subject to the pending motions to dismiss counterclaims (which were recently briefed), and also subject to consideration of the jurisdictional assertions by defendant. Feralloy has not sought a ruling on its jurisdictional contentions.

## ISSUES THUS PRESENTED

The following issues not brought on for decision by any parties in interest must now be raised by the Court sua sponte:

1. **Did Debtors Properly File and Maintain A New Chapter 11 Case While the Case in Delaware Remained Open?**

Some precedents raise questions on whether simultaneous Chapter 11 cases may pend except in exceptional circumstances. Hayes v. Prod. Credit Assn. of the Midlands, 955 F.2d 49, 1992 WL 26785 (10th Cir. 1992); In re Desai, 282 B.R. 527, 2002 WL 1832864 (Bankr. M.D. Ga. 2002); In

re Colony Square Co., 62 B.R. 48 (N.D. Ga. 1985); In re Wead, 38 B.R. 658 (Bankr. E.D. Mo. 1984); In re Prudential Insurance Co., 29 B.R. 432 (W.D. Pa. 1983).

In re Caperoads Plaza Limited Partnership, Debtor filed a second Chapter 11 case while its first Chapter 11, filed in a different district, was still open. 154 B.R. 614 (Bankr. D. Mass. 1993). While noting that nothing in the Bankruptcy Code expressly prohibits a debtor from having two cases pending at the same time, it was held that such is generally prohibited. Id. at 615. Debtor in that case argued that when a case under Chapter 11 has been substantially consummated and fully administered, and the only remaining task is the entry of a final decree, the case is not open. Id. The Court, however, did not agree:

> To adopt a rule proposed by the Partnership would lead to multiple filings, and the necessity for extensive hearings on the status of the earlier case. It would also permit the possibility that, after the second case is underway, a party might seek conversion or dismissal of the first case under 11 U.S.C. § 1112(b)(8), which could create havoc, especially with regard to claims. There is no reason to open the door to such possibilities.

Id. at 616.

Of course confirmation of a Chapter 11 Plan re-vests estate properties in the Debtors. 11 U.S.C. § 1141(b); Prince v. Clare, 67 B.R. 270, 272 (N.D. Ill. 1986). Therefore, subsequent filings of new Chapter 11 cases have been recognized as valid when the first confirmed Plan has failed or for other reasons. Such new case filings are not specifically prohibited by the Bankruptcy Code and the filing of a second case or serial case is not *per se* bad faith. In re Jartran, 886 F.2d 859, 866-867 (7th Cir. 1989) ("[S]erial Chapter 11 filings are permissible under the Code if filed in good faith, as are liquidating Chapter 11 plans."); See also discussion in In re McKissie, 103 B.R. 189, 191 (Bankr. N.D. Ill. 1989).

In light of the foregoing, even if the new filings when the prior Chapter 11 cases were still pending, there may nonetheless have to be analysis as to exactly what issues if any the Delaware Court reserved jurisdiction over that may be the same as issues posed in these cases. If there is an overlap of such issues, would that deprive this Court of jurisdiction, or merely raise questions of possible concerns of comity between two federal courts? For example, was the action of this Court in excusing DRX from administrative responsibility an infringement on authority of the Delaware court in the open case pending there? If that or other orders entered here were in any way such an infringement, what action if any is now appropriate?

2.  **Does this Court have Jurisdiction over the Fund
    Over Which the Parties Litigate in Adversary No. 04 A 04393?**

This question relates again to jurisdictional reservation by the Delaware Court over implementation of the Plan confirmed there, jurisdiction that may have extended to the Fund to be administered by the Disbursing Agent, but now held here by Debtors.

Since Feralloy raised the issue of jurisdiction without advancing it for decision, it may seek to reserve it for assertion after trial of the Adversary depending on the outcome. But whatever tactical approach that leads it not to seek a pretrial determination, it is the responsibility of a federal court to determine jurisdiction before the parties and court devote resources to a long trial and related motions.

Feralloy will be required to brief its contention that jurisdiction over the Funds is lacking in this court, and Hedstrom will be required to reply thereto.

## CONCLUSION

Accordingly, by separate orders entered on the Bankruptcy case and Adversary proceeding the parties will be ordered to brief the foregoing issues and hearing thereon will be set. The U.S. Trustee will be invited to participate in the hearing.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated and entered this 21st day of November 2005.