# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**HEDSTROM CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 04-38543<br>(Jointly Administered)<br><br>Hon. Jack B. Schmetterer<br><br>Hearing Date: July 20, 2006<br>Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:     Attached Service List

**PLEASE TAKE NOTICE** that on **July 20, 2006 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer,** Bankruptcy Judge, in the room usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Hedstrom's First Interim Application for the Allowance and Payment of Fees and Expenses Incurred by George Vernon for the Period from April 21, 2005 through April 30, 2006,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

>Patrick A. Clisham
>Shaw Gussis Fishman Glantz
>  Wolfson & Towbin LLC
>321 North Clark Street, Suite 800
>Chicago, IL 60610

## CERTIFICATE OF SERVICE

Patrick A. Clisham certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached service list by electronic mail this 29th day of June, 2006.

>_____
>/s/ Patrick A. Clisham

{4625 APPL A0128889.DOC}

## SERVICE LIST

B. B. Tuley
Garl L. Tyer
Hedstrom Corporation
P.O. Box 469
Highland Park, IL 60035
Phone:   224-625-8882
Fax:       847-259-6540
bbtuley@cs.com
tycoglt@aol.com

Kathryn Marie Gleason
Office of the U.S. Trustee
227 West Monroe St., Suite 3350
Chicago, IL  60606
Phone:   312-886-3327
Fax:       312-886-5794
Kathryn.M.Gleason@usdoj.gov

*Counsel for Congress Financial*

Alan P. Solow
Dimitri Karcazes
Shira Roth
Goldberg Kohn Bell Black
   Rosenbloom & Moritz, Ltd.
55 East Monroe St., Suite 3700
Chicago, IL  60603
Phone:   312-201-4000
Fax:       312-332-2196
Alan.Solow@goldbergkohn.com
dimitri.karcazes@goldbergkohn.com
shira.roth@goldbergkohn.com

*Counsel for Term Lenders Credit Suisse*

Scott K. Charles
Joshua A. Feltman
Wachtell Lipton Rosen & Katz
51 West 52nd St.
New York, NY  10019
Phone:   212-403-1000
Fax:       212-403-2000
skcharles@wlrk.com
JAFeltman@wlrk.com

*Counsel for Term Lenders Credit Suisse*

William J. Barrett
Kimberly J. Robinson
Barack Ferrazzano Kirschbaum
   Perlman & Nagelberg LLP
333 West Wacker Dr., Suite 2700
Chicago, IL  60606
Phone:   312-629-5170
Fax:       312-984-3150
william.barrett@bfkpn.com
kim.robinson@bfkpn.com

*Counsel for Creditors' Committee*

David M. Neff
Deborah M. Gutfeld
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle St.
Chicago, IL  60601-1293
Phone:   312-368-4000
Fax:       312-236-7516
david.neff@dlapiper.com
deborah.gutfeld@dlapiper.com

*Counsel for J.P. Morgan Trust Company*

Eric A. Schaffer
Reed Smith LLP
435 Sixth Avenue
Pittsburgh,  PA 15219
Phone:   412-288-4202
Fax:       412-288-3063
eschaffer@reedsmith.com

*Hedstrom Claims Agent*

TAE Services LLC
P.O. Box 580387
Pleasant Prairie, WI 53158
Fax:       203-413-3305
golf365@msn.com

2

***Counsel for Creditor Brown Shoe Company, Inc.***

Lloyd A. Palans
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone:   314-259-2000
Fax:       314-259.2020
lapalans@bryancave.com

George Vernon
Law Offices of George Vernon
P.O. Box 300
AmCore Bank Bldng.
1625 10th St., 2d Floor
Monroe, WI 53566
Phone:   608-329-7545
Fax:       608-329-7546
Gver2@tds.net

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**HEDSTROM CORPORATION,** *et al.***,**<br><br>Debtors. | Chapter 11<br><br>Case No. 04-38543<br>(Jointly Administered)<br><br>Hon. Jack B. Schmetterer<br><br>Hearing Date: July 20, 2006<br>Hearing Time: 10:30 a.m. |

**HEDSTROM'S FIRST AND FINAL APPLICATION FOR THE ALLOWANCE AND
PAYMENT OF FEES AND EXPENSES INCURRED BY GEORGE VERNON
FOR THE PERIOD FROM APRIL 2005 THROUGH APRIL 30, 2006**

Hedstrom Corporation and its related debtor entities (collectively, "Hedstrom" or the "Debtors"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 5082-1, and the Order Under Sections 105(a) and 331 Of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses For Professionals and Committee Members dated October 29, 2004 (the "Compensation Order") for the allowance of $23,017.50 in compensation for 102.3 hours of professional services rendered by the Law Offices of George Vernon ("Vernon"), special litigation counsel to the Debtors, for the period beginning April 21, 2005 through and including April 30, 2006 (the "Application Period"), and the reimbursement of $6,932.79 for actual costs incurred incident to those services. In support of this Application, the Hedstrom states as follows:

BACKGROUND

1.     On October 18, 2004 (the "Petition Date"), the Debtors filed related petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been

administering their estates as debtors in possession pursuant to 11 U.S.C. §§ 323, 1107 and 1108.[1]  The Debtors have substantially all of the rights, powers and responsibilities of a trustee in bankruptcy pursuant to § 1107(a).

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF VERNON

3. Prior to the Petition Date, Hedstrom operated as a manufacturer and wholesale distributor of sport leisure products.  The nature of its business necessarily subjected Hedstrom claims by members of the general public for personal injuries incurred in connection with the use and enjoyment of its products.

4. Hedstrom, along with certain of its former retailer customers, has been named as a defendant in several personal injury and products liability lawsuits ("PI Cases").  Hedstrom has a self insurance retention requirement that varies between $250,000 and $500,000 per occurrence on its products liability insurance policies.

5. On April 29, 2005, this Court entered an order (the "Retention Order") authorizing Hedstrom retain and employ Vernon as special counsel to represent Hedstrom in the liquidation and litigation of the PI Cases.  A copy of the Retention Order is attached hereto as Exhibit A.

## SUMMARY AND DESCRIPTION OF PRINCIPAL ACTIVITIES

6. Throughout the Application Period, Vernon rendered in excess of 102.3 hours of legal and paraprofessional services to the Debtors having an aggregate value of $23,017.50 an

---

[1] Unless otherwise indicated, all references to statutory provisions are intended to reference of provisions of the

{4625 APPL A0105113.DOC 2}                                2

average hourly rate of $225.00. All of the services for which compensation is requested were services, which in the billing judgment of Vernon were necessarily rendered after due consideration of the expected costs and anticipated benefit of such services.

7. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Vernon's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Vernon has classified, and separately billed, his services into two (2) categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| General Matters | 10.9 | $2,452.50 |
| Palmer Litigation[2] | 91.4 | $20,565.00 |
| **Total** | **102.3** | **$23,017.50** |

8. Detailed statements of the services provided in connection with General Matters are attached hereto as Exhibit B. Detailed statements of the services provided in connection with Palmer Litigation are attached hereto as Exhibit C. All statements include: (a) detailed descriptions of all services rendered in each of the above categories and (b) the timekeeper, date, and amount of time expended in each category.

9. Within the context of each category, Vernon performed, *inter alia*, the following tasks:

    a. Reviewed all available pleadings and correspondence and related documents with respect to the pending personal injury cases;

    b. Investigated various defenses which may be asserted against the plaintiffs;

---

Bankruptcy Code.

{4625 APPL A0105113.DOC 2}   3

    c.       Negotiated stays and potential resolutions with plaintiffs' counsel;

    d.       Coordinated defense strategies with trial counsel;

    e.       Communicated with plaintiffs' counsel regarding the merits of the various claims and Hedstrom's defenses thereto;

    f.       Communicated with counsel for Hedstrom and Hedstrom's insurers regarding the ongoing status of the PI cases;

    g.       Amicably settled certain PI claims; and

    h.       Coordinated the tender of defense of the Palmer Litigation to Hedstrom's insurers.

## PROFESSIONALS WHO PERFORMED SERVICES FOR THE TRUSTEE

10.      The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services:[3]

| **Professional** | **Hours** | **Hourly Rate** | **Amount** |
| --- | --- | --- | --- |
| George Vernon | 102.3 | $225.00 | $23,017.50 |

11.      The hourly rates charged by Vernon respect to the PI Cases compare favorably with the rates charged by other personal injury and products liability attorneys in similar regions and having similar experience and expertise. Further, the amount of time spent by Vernon with respect to the PI Cases is reasonable given the difficulty of the issues presented, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit the Debtors' estates.

---

[2] Palmer Litigation refers to Palmer v. Hedstrom, et al. pending in Pennsylvania state court and involving co-defendant Wal-Mart Stores, Inc.

12. Vernon possesses tremendous products liability and personal injury litigation experience and expertise. In addition, Vernon has previously served as special litigation counsel to other entities in bankruptcy and has extensive experience in the liquidation of products liability claims and personal injury claims in bankruptcy. This experience allows Vernon to provide extremely competent, effective legal services to Hedstrom in an efficient, cost-effective manner.

13. The issues presented within the context of the PI Cases have been legally and factually complex. In addition, the amount of the claims asserted by the personal injury plaintiffs has been significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled products liability and personal injury litigators inside and outside of the bankruptcy context, Hedstrom respectfully submits that the amounts requested by Vernon represent fair and reasonable amounts for the allowance of interim compensation in this case.

## EXPENSES FOR ACTUAL COSTS

14. The actual and necessary costs expended by Vernon during the Application Period are detailed in the attached monthly invoices.[4] The request reimbursement amount for expenses is $6,932.79. All of the expenses for which reimbursement is requested are expenses which Vernon customarily recoups from all of his clients.

---

[3] Because of services provided by Vernon were limited in scope to the PI Claims, Vernon's hourly services have not been further categorized.

{4625 APPL A0105113.DOC 2}                                    5

15. The specific expenses incurred by Vernon during the Application Period for which reimbursement is sought are as follows:

| Category | Amount |
| --- | --- |
| Long Distance Telephone | $7.50 |
| Travel Expenses and Meals | $688.91 |
| Photocopies | $8.00 |
| Consulting Fees | $597.00 |
| Overnight delivery (FedEx) | $53.65 |
| Local Counsel Fees | $5,577.73 |
| Total: | $6,932.79 |

16. All expenses incurred by Vernon were ordinary and necessary expenses. All expenses billed to Hedstrom were billed in the same manner as Vernon bills non-bankruptcy client, unless otherwise indicated. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## PAYMENTS RECEIVED BY VERNON TO DATE

17. This is Vernon's firs interim application for compensation. To date, Hedstrom has paid Vernon $19,944.62 as provisional compensation pursuant to pursuant to the terms of the Compensation Order. In addition, Vernon holds a $10,000 retainer pursuant to the terms of the Retention Order.

---

[4] Vernon's expenses include local counsel fees which were paid by Vernon to Pietragallo Bosick & Gordon LLP ("PB&G") in connection with the Palmer Litigation. PB&G's employment was separately approved by this Court on April 29, 2005. Detailed statements from PB&G supporting the Expenses are attached hereto as Exhibit D.

{4625 APPL A0105113.DOC 2}  6

## COMPLIANCE WITH SECTION 504

18. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between or among Vernon, Fulbright and any other firm, person or entity for the sharing or division of any compensation paid or payable to Vernon or Fulbright.

## NOTICE

19. Notice of this Application has been provided to the U.S. Trustee, and other parties in interest entitled to notice thereof. Based on the extent of the notice provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of OMC's creditors, the Trustee respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee requests the entry of an order, substantially in the form attached hereto, that:

      a.    allows and grants Hedstrom authority to pay Vernon $23,017.50 in interim compensation for the period of April 21, 2005 through and including April 30, 2006;

      b.    allows and grants Hedstrom authority to pay Vernon $6,932.79 in expense reimbursement for the period of April 21, 2005 through and including April 30, 2006;

      c.    waives other and further notice of this hearing with respect to this Application; and

      d.    provides the Debtors with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Hedstrom Corporation and certain of its affiliates

Dated: June 29, 2006

By: __/s/ Patrick A. Clisham_____
      One of its attorneys

Steven B. Towbin (#2848546)
Patrick A. Clisham (#6277264)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 980-3836
Fax: (312) 275-0584
pclisham@shawgussis.com

{4625 APPL A0105113.DOC 2}       8