# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**HEDSTROM CORPORATION,** *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 04-38543<br>**(Jointly Administered)**<br><br>Hon. Jack B. Schmetterer<br><br>Hearing Date: July 20, 2006<br>Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **July 20, 2006 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer,** Bankruptcy Judge, in the room usually occupied by him (Room 682) as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Second and Final Application of Cesari & McKenna, LLP as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

                                    Steven B. Towbin (#2848546)
                                    Patrick A. Clisham (#6277264)
                                    Shaw Gussis Fishman Glantz
                                      Wolfson & Towbin LLC
                                    321 North Clark Street, Suite 800
                                    Chicago, Illinois 60610
                                    (312) 980-3836  telephone
                                    (312) 275-0584  facsimile

## CERTIFICATE OF SERVICE

    Patrick A. Clisham certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by e-mail on this 30th day of June, 2006.

                                      /s/ Patrick A. Clisham

# HEDSTROM CORPORATION
# OFFICIAL SERVICE LIST

B. B. Tuley
Garl L. Tyer
Hedstrom Corporation
P.O. Box 469
Highland Park, IL 60035
Phone:   224-625-8882
Fax:        847-259-6540
bbtuley@cs.com
tycoglt@aol.com

Kathryn Marie Gleason
Office of the U.S. Trustee
227 West Monroe St., Suite 3350
Chicago, IL  60606
Phone:   312-886-3327
Fax:        312-886-5794
Kathryn.M.Gleason@usdoj.gov

*Counsel for Congress Financial*

Alan P. Solow
Dimitri Karcazes
Shira Roth
Goldberg Kohn Bell Black
   Rosenbloom & Moritz, Ltd.
55 East Monroe St., Suite 3700
Chicago, IL  60603
Phone:   312-201-4000
Fax:        312-332-2196
Alan.Solow@goldbergkohn.com
dimitri.karcazes@goldbergkohn.com
shira.roth@goldbergkohn.com

*Counsel for Term Lenders Credit Suisse*

Scott K. Charles
Joshua A. Feltman
Wachtell Lipton Rosen & Katz
51 West 52nd St.
New York, NY  10019
Phone:   212-403-1000
Fax:        212-403-2000
skcharles@wlrk.com
JAFeltman@wlrk.com

*Counsel for Term Lenders Credit Suisse*

William J. Barrett
Kimberly J. Robinson
Barack Ferrazzano Kirschbaum
   Perlman & Nagelberg LLP
333 West Wacker Dr., Suite 2700
Chicago, IL  60606
Phone:   312-629-5170
Fax:        312-984-3150
william.barrett@bfkpn.com
kim.robinson@bfkpn.com

*Counsel for Creditors' Committee*

David M. Neff
Deborah M. Gutfeld
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle St.
Chicago, IL  60601-1293
Phone:   312-368-4000
Fax:        312-236-7516
david.neff@dlapiper.com
deborah.gutfeld@dlapiper.com

*Counsel for J.P. Morgan Trust Company*

Eric A. Schaffer
Reed Smith LLP
435 Sixth Avenue
Pittsburgh,  PA 15219
Phone:   412-288-4202
Fax:        412-288-3063
eschaffer@reedsmith.com

*Hedstrom Claims Agent*

TAE Services LLC
P.O. Box 580387
Pleasant Prairie, WI 53158
Fax:        203-413-3305
golf365@msn.com

{4625 APPL A0128889.DOC}       2

***Counsel for Creditor Brown Shoe Company, Inc.***

Lloyd A. Palans
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone:   314-259-2000
Fax:       314-259.2020
lapalans@bryancave.com

Tom O'Konski
Kevin Gannon
Cesari & McKenna LLP
88 Black Falcon Ave.
Boston, MA 02210
Phone:   617-951-2500
tok@c-m.com
ktg@c-m.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**HEDSTROM CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 04-38543<br>**(Jointly Administered)**<br><br>Hon. Jack B. Schmetterer<br><br>Hearing Date: July 20, 2006<br>Hearing Time: 10:30 a.m. |

**SECOND AND FINAL FEE APPLICATION OF CESARI AND MCKENNA LLP AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

Cesari and McKenna, LLP ("Cesari") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $4,973.75 in compensation for 15.3 hours of professional services rendered by Cesari as special counsel to Hedstrom Corporation and its related debtor entities (collectively, "Hedstrom" or the "Debtors"), for the period beginning September 1, 2005 through and including May 31, 2006 (the "Application Period"), and the reimbursement of $0.00 for actual costs incurred incident to those services. In support of this application (the "Application"), Cesari states as follows:

## BACKGROUND

1. On October 18, 2004 (the "Petition Date"), the Debtors filed related petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been administering their estates as debtors in possession pursuant to 11 U.S.C. §§ 323, 1107 and 1108.

2. This Court has core jurisdiction to hear and resolve this application pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

{4625 APPL A0128638.DOC}

## RETENTION OF CESARI

3. Prior to the Petition Date, JumpSport, Inc. ("JumpSport"), brought suit against Hedstrom, as well as several large retail companies, including Wal-mart Stores, Inc. ("Wal-mart"), Target, Inc. ("Target"), Toys R Us, Inc. ("Toys R Us") and Kmart Corporation ("Kmart"), all customers of the Debtors (collectively the "Retailers"), in the United States District Court for the Northern District of California for the alleged infringement of certain patents related to products that Hedstrom manufactured (the "JumpSport Case").

4. Hedstrom and the other related defendants, including the Retailers, retained Cesari as defense counsel in the JumpSport Case. Up until the Petition Date, Cesari actively litigated and defended the Debtors in the JumpSport Case.

5. The Debtors had unpaid accounts receivable equal to approximately $2,176,050.40 due from Wal-mart, $781,977.93 due from Target and $3,747,296.30 due from Toys R Us and $394,889.41 due from Kmart (collectively, the "Disputed Receivables"). The Debtors believed that the Retailers would not pay the Disputed Receivables until the JumpSport Case was settled because they planned on setting off any damages they may have been liable for in the JumpSport Case against the Disputed Receivables.

6. Hedstrom required legal counsel familiar with litigating and settling patent infringement cases in order to settle the JumpSport Case and to collect the Disputed Receivables. On February 17, 2005, this Court entered an order approving the retention of Cesari as special counsel to Hedstrom for the purpose of litigating the JumpSport Case (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A.

{4625 APPL A0128638.DOC}                         2

## SERVICES RENDERED BY CESARI

7. Cesari provided the Debtors with legal advice with respect to the JumpSport Case, including litigating the JumpSport Case and negotiating a related settlement and drafting related documents.

8. Cesari worked diligently to obtain a favorable settlement in the JumpSport Case, and on July 25, 2005, this Court entered an order approving the compromise with JumpSport over various claims and counterclaims asserted between them in connection with the alleged infringement of two patents held by JumpSport. The settlement resolved the JumpSport Case and provided for the Debtors to pay $835,240.00 from the Disputed Receivables to JumpSport in exchange for limited releases in favor of Hedstrom and each of the Retailers. The services rendered during this Application Period were required to coordinate with the various parties to the JumpSport Case to accomplish the obligations of each as required pursuant to the settlement.

## PROFESSIONALS WHO PERFORMED SERVICES

9. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services:[1]

| Professional | Rate | Hours | Amount |
| --- | --- | --- | --- |
| T. O'Konski | $420 | 7.2 | $3,024.00 |
| T. O'Konski | $460 | 0.30 | $138.00 |
| K. Gannon | $200 | 5.75 | $1,150.00 |
| K. Gannon | $235 | 2.05 | $481.75 |

---

[1] Because Cesari was hired for a limited purpose in connection with the JumpSport Case, Cesari's time has not been divided into subcategories.

10. Attached hereto as <u>Group Exhibit B</u> are invoices issued by Cesari, which provide: (a) detailed descriptions of all services rendered in each of the above categories; and (b) the timekeeper, date, and amount of time expended in each category.

11. The hourly rates charged by Cesari for its legal services compare favorably with the rates charged by other attorneys having similar experience and expertise. Further, the amount of time spent by Cesari with respect to the JumpSport Case is reasonable given the difficulty of the issues presented, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the Debtors' estates.

12. The issues presented in connection with the JumpSport Case were legally and factually complex. In addition, the amounts of the claims asserted by the defendants in the JumpSport Case were significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and the nature of the problem, issue, or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled consultants inside and outside of the bankruptcy context, the Debtors respectfully submit that the amounts requested by Cesari represents fair and reasonable amounts for the allowance of final compensation in this case.

13. There were no expenses incurred by Cesari during the Application Period.

## PAYMENTS RECEIVED BY CESARI TO DATE

14. Cesari received a $5,000 retainer (the "Retainer") in connection with this engagement and has regularly filed monthly statements and applied for interim compensation not more than every 120 days. In addition to the Retainer, Cesari has received a total of

{4625 APPL A0128638.DOC}   4

$62,811.24 of compensation and expense reimbursement, including fees and expenses totaling $52,349.30 which were previously approved by this Court on an interim basis.

15. Cesari has not received any other compensation or expense reimbursement to date in connection with the services rendered during the Application Period.

## COMPLIANCE WITH 11 U.S.C. § 504

16. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Cesari and any other firm, person or entity for the sharing of division of any compensation paid or payable to Cesari.

## NOTICE

17. Notice of this Application has been provided to the U.S. Trustee, and other parties in interest entitled to notice thereof. Based on the extent of the notice provided and the costs and burdens of transmitting notice to all of Hedstrom's creditors, the Trustee respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Cesari requests the entry of an order, substantially in the form attached hereto, that:

a. allows Cesari $4,973.75 in compensation for the Application Period;

b. approves as final, all interim compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis;

c. authorizes and directs Cesari to apply the Retainer to any amounts outstanding and to refund any remaining balance to the Debtors;

d. waives other and further notice of the hearing with respect to this Application; and

{4625 APPL A0128638.DOC}        5

e. provides Cesari with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Cesari & McKenna LLP

Dated: June 30, 2006

By: ___/s/ Patrick A. Clisham_____
   One of the attorneys for the Hedstrom Companies

Steven B. Towbin (2848546)
Patrick A. Clisham (6277264)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 980-3836
Fax: (312) 275-0584
pclisham@shawgussis.com

{4625 APPL A0128638.DOC}  6