# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**HEDSTROM CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 04-38543<br>**(Jointly Administered)**<br><br>Hon. Jack B. Schmetterer<br><br>Hearing Date: March 30, 2007<br>Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **March 30, 2007 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer,** Bankruptcy Judge, in the room usually occupied by him (Room 682) as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Fourth and Final Application of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC as Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Steven B. Towbin (#2848546)
> Patrick A. Clisham (#6277264)
> Shaw Gussis Fishman Glantz
>  Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60610
> (312) 980-3836  telephone
> (312) 275-0584  facsimile

## CERTIFICATE OF SERVICE

Patrick A. Clisham certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by e-mail on this 9th day of March, 2007.

   __/s/ Patrick A. Clisham_____

{4625 APPL A0162726.DOC}

# HEDSTROM CORPORATION
## OFFICIAL SERVICE LIST

B. B. Tuley
Garl L. Tyer
Hedstrom Corporation
P.O. Box 469
Highland Park, IL 60035
Phone:   224-625-8882
Fax:       847-259-6540
bbtuley@cs.com
tycoglt@aol.com

Kathryn Marie Gleason
Office of the U.S. Trustee
227 West Monroe St., Suite 3350
Chicago, IL  60606
Phone:   312-886-3327
Fax:       312-886-5794
Kathryn.M.Gleason@usdoj.gov

### Counsel for Congress Financial

Alan P. Solow
Dimitri Karcazes
Shira Roth
Goldberg Kohn Bell Black
  Rosenbloom & Moritz, Ltd.
55 East Monroe St., Suite 3700
Chicago, IL  60603
Phone:   312-201-4000
Fax:       312-332-2196
Alan.Solow@goldbergkohn.com
dimitri.karcazes@goldbergkohn.com
shira.roth@goldbergkohn.com

### Counsel for Term Lenders Credit Suisse

Scott K. Charles
Joshua A. Feltman
Wachtell Lipton Rosen & Katz
51 West 52nd St.
New York, NY  10019
Phone:   212-403-1000
Fax:       212-403-2000
skcharles@wlrk.com

JAFeltman@wlrk.com

### Counsel for Term Lenders Credit Suisse

William J. Barrett
Kimberly J. Robinson
Barack Ferrazzano Kirschbaum
  Perlman & Nagelberg LLP
333 West Wacker Dr., Suite 2700
Chicago, IL  60606
Phone:   312-629-5170
Fax:       312-984-3150
william.barrett@bfkpn.com
kim.robinson@bfkpn.com

### Counsel for Creditors' Committee

David M. Neff
Deborah M. Gutfeld
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle St.
Chicago, IL  60601-1293
Phone:   312-368-4000
Fax:       312-236-7516
david.neff@dlapiper.com
deborah.gutfeld@dlapiper.com

### Counsel for J.P. Morgan Trust Company

Eric A. Schaffer
Reed Smith LLP
435 Sixth Avenue
Pittsburgh,  PA 15219
Phone:   412-288-4202
Fax:       412-288-3063
eschaffer@reedsmith.com

### Hedstrom Claims Agent

TAE Services LLC
P.O. Box 580387
Pleasant Prairie, WI 53158
Fax:       203-413-3305
golf365@msn.com

{4625 APPL A0162726.DOC}             2

*Counsel for Creditor Brown Shoe Company, Inc.*

Lloyd A. Palans
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone:   314-259-2000
Fax:     314-259.2020
lapalans@bryancave.com

*Counsel to WARN Act Plaintiffs*

Bryan I Schwartz
Levenfeld Pearlstein LLC
2 North LaSalle Suite 1300
Chicago, IL 60602
Phone: 312- 476-7540
Fax : 312-346-8434
bschwartz@lplegal.com

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **HEDSTROM CORPORATION,** *et al.*, | Case No. 04-38543<br>(Jointly Administered) |
| Debtors. | Hon. Jack B. Schmetterer |
| | Hearing Date: March 30, 2007<br>Hearing Time: 10:30 a.m. |

**FOURTH AND FINAL APPLICATION OF SHAW GUSSIS
FISHMAN GLANTZ WOLFSON & TOWBIN LLC AS COUNSEL
TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES, LIMITED NOTICE AND RELATED RELIEF**

Steven B. Towbin and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "Shaw Gussis") apply to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for (i) the final allowance of $113,717 in compensation for 390.50 hours of professional services rendered as counsel to the Hedstrom Corporation and certain of its affiliates (collectively, the "Debtors"),[1] for the period beginning June 1, 2006 through and including March 30, 2007 (the "Application Period"), and the reimbursement of $4,320.51 for actual costs incurred incident to those services[2] and (ii) the final allowance of all fees and expenses previously allowed by the Court on an interim basis. In support of this application (the "Application"), Shaw Gussis states as follows:

**BACKGROUND**

1.   On October 18, 2004 (the "Petition Date"), the Debtors filed related petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been

---

[1] The Debtors are: Hedstrom Corporation; Ero, Inc.; Ero Industries, Inc.; Ero Canada, Inc.; and Priss Prints, Inc.

[2] Figures include estimated fees and expenses for the period March 1, 2007 through March 30, 2007.

{4625 APPL A0162726.DOC}

administering their estates as debtors in possession pursuant to 11 U.S.C. §§ 323, 1107 and 1108.[3] The Debtors have substantially all of the rights, powers and responsibilities of a trustee in bankruptcy pursuant to § 1107(a).

2. On December 21, 2004, the Debtors filed their Joint Chapter 11 Plan of Liquidation (the "Plan").

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The Debtors incorporate by reference the Motion to Dismiss Chapter 11 Cases and Related Relief (the "Motion to Dismiss") which has been filed contemporaneously herewith.

## RETENTION OF SHAW GUSSIS

5. Shortly after the Petition Date, the Debtors applied to this Court for an order approving the retention of Shaw Gussis as their counsel in connection with their bankruptcy cases (collectively, the "Cases").

6. On October 29, 2004 this Court approved the retention of Shaw Gussis as counsel to the Debtors under the terms set forth in the application (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A. The Retention Order authorized Shaw Gussis to seek interim compensation and reimbursement of expenses pursuant to this Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated October 29, 2004 (the "Interim Compensation Order"), pending the presentation of Shaw Gussis' final fee application in the Cases.

---

[3] Unless otherwise indicated, all references to statutory provisions are intended as references to provisions of the Bankruptcy Code.

{4625 APPL A0162726.DOC}                   2

**GENERAL STATUS OF THE CASES**

7. All of the Debtors' assets have either been sold or abandoned. The estates, therefore, consist solely of cash on hand in the approximate amount of $945,000.

8. Shaw Gussis has been instrumental preserving, liquidating and protecting the Debtors' assets in a manner most likely to maximize their value for the benefit of the Debtors' creditors.

9. Shaw Gussis has assisted the Debtors' with the sale of the Debtors' business and real estate assets which have lead to the recovery of approximately $32 million on behalf of their estates. These proceeds were subject to a first priority lien claim asserted by Congress Financial Corporation ("Congress") that has been satisfied in full, and a valid secured claim held by a group of institutional lenders led by Credit Suisse, N.A., as Agent ("Credit Suisse").

10. Shaw Gussis has also assisted in the collection of various accounts receivables (the "Receivables") and managing litigation related to the collection of the Receivables. To date, Shaw Gussis' efforts have resulted in collections of Receivables in excess of $4.0 million, which was also subject to the security interests of Credit Suisse. In addition, Shaw Gussis thoroughly analyzed the Debtors books and records and, in connection therewith, initiated and prosecuted more than 100 adversary proceedings to recover preferential transfers made by the Debtors to creditors prior to the Petition Date. As a result of such efforts, Shaw Gussis has collected approximately $2.2 million on behalf of the Debtors' estates.

11. After completing the liquidation of their assets, the Debtors determined that, as a result of the unpaid administrative priority claims, the Debtors will not be able to confirm the Plan or make a distribution to any unsecured prepetition creditors. Accordingly, on March 9, 2007, the Debtors filed their Motion to Dismiss requesting authority to pay certain administrative

claims in full, including the fees and expenses requested herein, and turnover the remaining assets to Credit Suisse on account of its §507(b) claim.

12. In evaluating this Application, this Court should consider the value of the services rendered by Shaw Gussis on behalf of the Debtors and the Debtors' estates, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in these Cases and in similar cases, the experience and ability of the attorneys involved and the amount of awards of compensation in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full.

### SERVICES RENDERED BY SHAW GUSSIS

13. Throughout the Application Period, Shaw Gussis rendered in excess of 390.50 hours of legal and paraprofessional services to the Debtors having an aggregate value of $113,717, for an average hourly rate of approximately $291.28.[4] Shaw Gussis provided professional services to the Debtors with respect to virtually every aspect of the Debtors' Cases. All of the services for which compensation is requested were services which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. Attached hereto for the convenience of the Court as Exhibits B through J[5] are detailed statements of the services rendered by Shaw's professionals that contains a description of the particular services rendered, the amounts of time spent thereon and the billing rates of Shaw's professionals, as well as the expenses incurred incident to those services.

---

[4] Includes estimated fees for the period March 1, 2007 through March 30, 2007 in the amount of $3,790.
[5] The monthly statements, which are voluminous, will be made available in hard copy or in PDF format upon reasonable request.

{4625 APPL A0162726.DOC}                4

14.     In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis' services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Gussis has classified its services rendered during the Application Period into six (6) separate categories of services as follows:[6]

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 89.5 | $22,723.50 |
| Creditors and Claims | 21.3 | $5,926.50 |
| Fee Applications | 23.5 | $5,754.50 |
| Litigation | 66.5 | $17,690.00 |
| Preference Adversaries | 200.5 | $60,329.50 |
| Sale of Assets | 209.2 | $71,005.00 |
| Estimated Fees | 13.0 | $3,790.00 |
| **TOTAL** | | **$113,717.00** |

15.     The following is a separate description of each of Shaw Gussis' principal categories of activities, which generally describe the tasks performed. Each of the monthly invoices previously provided to the Debtors, this Court and other parties entitled to notice thereof provide: (a) detailed descriptions of all services rendered in each of the above categories and (b) the timekeeper, date and amount of time expended in each category. Summary charts for each category setting forth each professional who rendered services, total time and value of services and the total dollar value are provided herein.

---

[6] In its first interim fee application, Shaw Gussis listed ten categories of service. In order to eliminate redundancy as matters are resolved, Shaw Gussis has since condensed the categories as set forth herein. For example, the former "Real Property" category has been combined with the "Sale of Assets" category while other categories such as "Tax Issues," "Plan of Reorganization," and "Cash Collateral/DIP Financing have been combined into the category "Case Administration."

{4625 APPL A0162726.DOC}                5

**Case Administration**

16. Shaw Gussis expended 50.8 hours of professional services having a value of $14,402 in connection with services pertaining to general case administration. Services rendered by Shaw Gussis in this category generally include, among other things, the following: (a) participating in hearings, meetings, telephone conferences and other activities where multiple subject matters were discussed, analyzed or otherwise acted upon; (b) providing status reports to the Debtors and creditor representatives concerning various matters in the Cases; (c) drafting, filing, serving and presenting various motions, pleadings and orders not covered by specific categories; (d) coordinating the administration of the Debtors' claims against the Debtors' former Canadian affiliates; (e) preparing and filing interim compensation statements on behalf of Shaw Gussis and professionals; (f) consulting with the Debtors and Debtors' professionals concerning the ongoing efforts to collect outstanding Receivables; (g) reviewing and responding to inquiries from third parties concerning unemployment and worker's compensation issues; (h) managing and coordinating efforts with the Debtors former insurance providers and administrators to resolve ongoing claim issues; (i) handling issues related to insurance premiums and coverage; and (j) maintaining detailed charts and files of all pending matters and case status items.

17. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Steven B. Towbin | 8.0 | $4,262.50 |

| Patrick A. Clisham | 42.6 | $10,083.50 |
| Multiple Professionals* | 0.2 | $56.00 |

## Creditors and Claims

18.  Shaw Gussis expended 4.2 hours of professional services having a value of $1,473.00 in connection with services pertaining to general creditor issues and claims administration. Services rendered by Shaw Gussis in this category generally include, among other things, the following: (a) responding to correspondence and inquiries by individual creditors, the Official Committee of Unsecured Creditors (the "Committee"), the Debtors' claims administrator and creditor representatives; (b) working with the Debtors and counsel for Credit Suisse to identify and account for potential competing §§ 506(c) and 507(b) claims; (c) consulting with J.P. Morgan Trust Company, National Association ("J.P. Morgan"), as the indenture trustee in connection with certain $3.5 million Industrial Development Revenue Bonds (the "IRB's"), and the resolution of their lien in a portion of the Debtors' real property in Bedford, Pennsylvania (the "Bedford Property"); (d) handling issues related to non-bankruptcy litigation, including filing suggestions of bankruptcy and modifying the stay in certain cases to allow the pursuit of insurance proceeds; and (e) maintaining a claims register in conjunction with the Debtors' claims administrator.

19.  The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Multiple Professionals | 4.2 | $1,473.00 |

---

* In the interest of simplifying this Application, each attorney or professional with less than 5 billable hours in each respective category is grouped under the heading "Multiple Professionals."

**Fee Applications**

20.     Shaw Gussis expended 16.3 hours of professional services having a value of $3,834.50 in connection with services pertaining to drafting and revising the Shaw Gussis' Third Interim Fee Application and the final fee applications of Richards Layton & Finger P.C. and Cesari & McKenna, LLP as special counsel to the Debtors, as well as reviewing billing entries for the Application Period.  The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Patrick A. Clisham | 16.3 | $3,834.50 |

**Litigation**

21.     Shaw Gussis expended 68.4 hours of professional services having a value of $17,299 in connection with services pertaining to various causes of action and adversary proceedings to which the Debtors is or was a party, including, but not limited to, the adversary proceeding commenced by the Debtors to collect prepetition receivables from Wal-Mart Stores, Inc. ("Wal-Mart") and Wal-Mart Canada, Inc. and the adversary proceeding commenced by certain former employees of the Debtors pursuant to the Worker Adjustment and Retraining Notification (the "WARN Act").

22.     In connection with Shaw Gussis' efforts to collect Receivables, Shaw Gussis has initiated an adversary proceeding against Wal-Mart and Wal-Mart Canada.  At that time of the commencement of the case, the Debtors' books and records reflected that Wal-Mart was indebted to the Debtors for more than $1.1 million while Wal-Mart Canada was indebted to the Debtors for more than $400,000(CAD).  As a result of Shaw Gussis' efforts, Wal-Mart Settled

with the Debtors for $200,000 and a release of claims related to certain personal injury causes of action pending against Wal-Mart in connection with the Debtors' products and Wal-Mart Canada settled with the Debtors for approximately $256,000 (CAD).

23.    With respect to each of the matters described in above, Shaw Gussis rendered services that included, among other things, the following: (a) participating in hearings, meetings, telephone conferences with the Debtors and defendant's counsel; (b) drafting, filing, serving and presenting various motions, pleadings and orders; (c) drafting, serving and responding to written discovery; (d) conducting extensive factual due diligence and legal research in connection with various contested matters; (e) conducting strategy conferences with the Debtors, creditors and other Shaw Gussis attorneys; and (f) maintaining and organizing voluminous files, exhibits and pleadings for use in hearings.  The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Allen J. Guon | 6.8 | $1,904.00 |
| Patrick A. Clisham | 55.3 | $13,004.00 |
| Multiple Professionals | 6.3 | $2,391.00 |

### Preference Adversaries

Shaw Gussis expended 210.20 hours of professional services having a value of $64,199.00 in connection with services pertaining to prosecuting and administrating preference avoidance actions.

24.    Services rendered by Shaw Gussis in this category generally include, among other things, the following: (a) analyzing and evaluating affirmative defenses asserted by preference defendants; (b) issuing and responding to discovery requests; (c) conducting strategy conferences

{4625 APPL A0162726.DOC}    9

with the Debtors, former employees of the Debtors and other Shaw Gussis attorneys concerning complex issues relevant to the transfers (d) and drafting, filing, serving and presenting various motions, pleadings and orders related to the prosecution of the preference claims. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Richard A. Saldinger | 41.5 | $15,770.00 |
| Matthew A. Swanson | 161.0 | $45,300.00 |
| Multiple Professionals | 7.7 | $3,129.00 |

### Sale of Assets

25.   Shaw Gussis expended 27 hours of professional services having a value of $8,719.50 in connection with services pertaining to the sale of the Debtors' remaining assets.

26.   During the Application Period, Shaw Gussis worked with the Debtors, the Committee and the Debtors' secured lenders to finalize an agreed distribution of the proceeds of the sale of the Bedford Property. In addition, Shaw Gussis negotiated the sale of the Debtors' remaining accounts receivable assets and the sale of the Debtors' interest in certain default judgments obtained in the Preference Actions.

27.   With respect to these activities, Shaw Gussis rendered services that included, among other things, the following: (a) drafting purchase agreements, bills of sale and related exhibits; (b) participating in hearings, meetings and telephone conferences with the Debtors, Credit Suisse, the Committee and respective purchasers; (c) drafting, filing, serving and presenting various sale related motions and orders; and (d) negotiating and resolving issues with various parties with interests in the sale proceeds. The chart below is a summary of the total

amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Steven B. Towbin | 6.8 | $3,570.00 |
| Patrick A. Clisham | 15.7 | $3,689.50 |
| Multiple Professionals | 4.5 | $1,460.00 |

**Estimated Fees for the period March 1, 2007 through March 30, 2007**

28.     Included in the total fees and expenses requested herein, are estimated fees ($3,790) and expenses ($50.00) anticipated to be incurred for the period March 1, 2007 through March 30, 2007 (the "Estimated Fees"). The Estimated Fees contemplate the time and expenses related to, among other things: (i) the preparation, filing, serving and presentment of this Application; (ii) the final preparation, filing, serving and presentment of the Motion to Dismiss; the preparation, filing, serving and presentment of the Debtors' motion to destroy business records; (iv) and the final disposition of the WARN Act litigation.

29.     The Estimated Fees are calculated as follows:

| Steven B. Towbin | Member | $550.00 | 2.0 | $1,100.00 |
| Matthew A. Swanson | Associate | $290.00 | 1.0 | $290.00 |
| Patrick A. Clisham | Associate | $240.00 | 10.0 | $2400.00 |

**Summary of Services Rendered By Professional**

30.     In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

{4625 APPL A0162726.DOC}              11

| Professional | Position | Rate* + | Hours | Amount** |
|---|---|---|---|---|
| Steven B. Towbin | Member | $537.50 | 25..2 | $13,347.50 |
| Richard A. Saldinger | Member | $390.00 | 43.50 | $16,530.00 |
| Matthew A. Swanson | Associate | $285.00 | 166.9 | $46,794.00 |
| Patrick A. Clisham | Associate | $237.50 | 141.3 | $33,345.00 |
| Multiple Professionals* | | | 13.6 | $3,700.50 |

      31.    The hourly rates charged by Shaw Gussis with respect to the Debtors' Cases compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis professionals providing services to the Debtors in connection with the Cases.  Further, the amount of time spent by Shaw Gussis with respect to the Debtors' Cases is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estates.

      32.    Shaw Gussis has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.  In certain circumstances, however, it was necessary for more than one Shaw Gussis attorney to appear in Court at the same time.  When possible, Shaw Gussis would have one attorney handle multiple matters on the Court's calendar.  Similarly, on certain occasions, Shaw Gussis had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the Cases.  To the greatest

---

* The billable rates are "blended rates" based on 2006 and 2007 rates for the respective professionals listed.

+ Shaw Gussis' attorneys' billable rates are very favorable relative to the rates of other attorneys involved in the Cases that have a similar amount of experience.  For example, local, large firms typically bill a fifth year associate out at an hourly rate of $340.00–$360.00, whereas Shaw Gussis bills a fifth year associate out at an hourly rate of $275.00-285.00.

** The billable amounts were calculated using the number of hours billed by each professional in 2006 multiplied by their respective 2006 billable rate and then adding the number of hours each professional billed in 2007 multiplied by their respective 2007 rate.

* In the interest of simplifying this Application, each attorney and professional whose cumulative billable time was less than 10 hours is grouped under the heading "Multiple Professionals."

{4625 APPL A0162726.DOC}      12

extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

33. The issues presented by the Debtors' Cases have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

34. The actual and necessary costs expended by Shaw Gussis during the Application Period are detailed in the monthly invoices. The requested reimbursement amount for expenses incurred is $4,320.51[7] All of the expenses for which reimbursement is sought are expenses that Shaw Gussis customarily recoups from all of its clients.

35. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Commercial Messenger Delivery (e.g., Metro) | $106.80 |
| Local and Long Distance Travel | $141.00 |
| Online Legal Research (Westlaw/ PACER) | $906.96 |
| Overnight delivery (Federal Express, UPS) | $63.16 |

---

[7] Figure includes estimated expenses in the amount of $50.00 for the period March 1, 2007 through March 31, 2007.

{4625 APPL A0162726.DOC}    13

| Category | Amount |
|---|---|
| Photocopy | $2,448.00 |
| Postage | $129.42 |

36. <u>Legal Research Charges (Westlaw / PACER)</u>:  Shaw Gussis contracted with Westlaw for a research package that includes pre-paid access to certain bankruptcy resources, plus an hourly rate for all other usage.  Westlaw charges reflect the actual out-of-pocket expense incurred by Shaw Gussis or, where the research falls within the pre-paid bankruptcy research package, actual usage billed at a rate of $2.00 per minute.  Shaw Gussis submits that the Westlaw package provides the most cost-efficient means of access computerized legal research, and the lowest cost possible to the client.  Shaw Gussis uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse.  Shaw Gussis makes no profit on Westlaw or other legal research expenses.

37. <u>Photocopy</u>:  Photocopy charges include internal and outsourced copies.  Generally, Shaw Gussis makes all copies internally.  All internal copies are billed at a rate of $0.10 per page.  Shaw Gussis maintains a record of copy charges made through a computerized system, which requires the operator to input a client's billing code on a keypad attached to the copier.  Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Gussis charges the actual costs for expenses incurred.  Outsourced copying services may include binding or color copying.

38. <u>Postage / Messenger Delivery / Overnight Delivery</u>:  In order to keep overnight delivery carrier charges to a minimum, service of most pleadings was accomplished by ordinary mail.  Where expedited delivery was necessary to ensure timely delivery of sensitive information, such as settlement checks, Shaw Gussis utilized a reputable common carrier, such as Federal Express or UPS, or local messenger service.

39. All expenses incurred by Shaw Gussis incidental to its services were customary and necessary expenses. All expenses billed to the Debtors were billed in the same manner as Shaw Gussis bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## PAYMENTS RECEIVED BY SHAW GUSSIS TO DATE

40. Pursuant to the Retention Order, Shaw Gussis submitted monthly invoices to the Debtors, with copies to this Court and other parties entitled to notice thereof, for interim compensation and expense reimbursement pursuant to the Interim Compensation Order. To date, Shaw Gussis has received $267,373.60 in payment of fees and expenses during the Application Period.

| **Statement for Period Ending:** | **Payments Actually Received** | | |
|---|---|---|---|
| | 67% Legal Fees | 100% Expenses | **Subtotal** |
| **6/30/06** | $0.00 | $0.00 | **$0.00** |
| **7/31/06** | $17,247.81 | $1,295.25 | **$18,543.06** |
| **8/31/06** | $10,836.58 | $34.88 | **$10,871.46** |
| **9/30/06** | $7,139.19 | $345.21 | **$7,484.39** |
| **10/31/06** | $6,838.02 | $64.10 | **$6,902.12** |
| **11/30/06** | $4,432.72 | $270.35 | **$4,703.07** |
| **12/31/06** | $1,569.81 | $113.74 | **$1,683.55** |
| **1/31/07** | $1,787.56 | $28.84 | **$1,816.40** |
| **Total** | | | **$52,004.05** |

41. Shaw Gussis received no objection to the Monthly Statements filed during the Application Period.

42.    Since the Petition Date, Shaw Gussis has received payment in full of all fees and expenses incurred prior to the Application Period and previously allowed by this Court on an interim basis in connection with Shaw Gussis' First, Second and Third Interim Fee Applications (the "Previously Allowed Fees").  The Previously Allowed Fees totaled $1,313,208.65.

43.    By this Application, Shaw Gussis requests the final allowance of the Previously Allowed Fees.

## COMPLIANCE WITH 11 U.S.C. § 504

44.    Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Gussis.

## NOTICE

45.    Notice of this Application has been provided to the (a) the Debtors; (b) the U.S. Trustee; (c) the Committee; (d) Credit Suisse; and (e) other parties in interest entitled to notice thereof.  Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtors' creditors, Shaw Gussis respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i) and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto, that:

(a)    Allows Shaw Gussis $113,717 in compensation for the Application Period;

(b)    Allows Shaw Gussis $4,230.51 in expense reimbursement for the Application Period beginning;

    (c)      Authorizes and directs the Debtors to pay Shaw Gussis the balance due of $58,230.40 after the application of the payments received by Shaw Gussis pursuant to the Monthly Statements under the Retention Order;

    (d)      Allows, as final, Previously Allowed Fees;

    (e)      Waives other and further notice of the hearing with respect to this Application; and

    (f)      Provides Shaw Gussis with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

Dated: March 9, 2007                          By:    /s/ Patrick A. Clisham

Steven B. Towbin (#2848546)
Patrick A. Clisham (#6277264)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 980-3836
Fax: (312) 275-0584
e-mail: pclisham@shawgussis.com